09-11008

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

IN RE: SIEGHARD JANZ  
MELISSA LYNN JANZ

Case No:  
Chapter 13  
Hon.  
Filed:

SS# xxx-xx-8158  
SS# xxx-xx-6016

Debtor.  
_____/

## CHAPTER 13 PLAN

( X ) Original  or  ( ) Amendment No.: _____    ( ) Pre-Confirmation   ( ) Post-Confirmation

I.  **GENERAL PROVISIONS**

This Plan will use the term "Debtor" to refer to the person or both persons who filed the Petition in this case. Terms listed after a "( )" are applicable only if the box is checked.

A. **PLAN PAYMENT** The Debtor submits all or such portion of the Debtor's future income to the control of the Trustee as is, or may be necessary, for the execution of the Plan. The Debtor, or the Debtor's employer, shall pay to the Trustee the sum of $ __174.00__ per ( ) week, ( X ) bi-weekly, ( )semi-monthly, ( ) monthly, or ( ) other, and all tax refunds received during the life of the Chapter 13 Plan, if plan pays less than 100% to general unsecured creditors..

Pursuant to Local Rule 3015(c):  the Debtor shall submit all disposable income directly to the control and supervision of the Trustee.  If the Debtor is employed, the payment will be made by payroll deduction, pursuant to a payroll deduction order.  The Debtor shall notify the Trustee immediately of any change of employment until the Plan is completed.

**Pursuant to 11 U.S.C. §1326 the Debtor shall commence making payments not later than 30 days after the date of the filing of the Plan or the Order for Relief, whichever is earlier.**

Pursuant to the Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income the Applicable Commitment Period is:

_____ 3 years; or

\_\_X\_\_ 5 years.

B. **DISPOSABLE INCOME & TAX REFUNDS** If this Plan provides for a dividend of less than 100% to all filed and allowed general unsecured creditors, the Debtor agrees to pay into the Plan all disposable income as defined in 11 U.S.C. §1325(b)(2) for a period of not less than the Applicable Commitment Period or completion of the Plan, including but not limited to: **income tax refunds**, property tax credits, gambling winnings, inheritances, judgments, settlements, etc. received during that period.

C. **LIQUIDATION TEST** The amount to be distributed on each allowed unsecured claim under the Plan shall not be less than the value as of the Petition date of the amount that would be paid on such a claim if the estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

D. **BALLOON PAYMENT** The Debtor shall remit such additional sums as may be necessary to complete payments required under the Plan within 60 months of Plan confirmation. This provision is not in lieu of or a substitute for regular Plan payments.

E. **VESTING OF ESTATE PROPERTY** Upon confirmation of the Plan, pursuant to 11 U.S.C. §1327(b) all property of the estate shall vest in the Debtor, except for: (i) the future earnings of the Debtor; (ii) additional disposable income as defined in ¶IC; and (iii) other property necessary to the Plan (including personal and real property as defined in the Plan and any associated insurance proceeds which may be used by the Debtor, with Court approval, to purchase replacement security.) 11 U.S.C. §348(f)(1) remains effective in the event of a conversion to another chapter.

F. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT & DISPOSAL OF PROPERTY** During the term of this Plan, the Debtor shall not incur post-petition debts in excess of $1,000.00 without first obtaining approval from the Court and may not dispose of any real or personal property with a value greater than $1,000.00 without first obtaining the consent of the Court pursuant to 11 U.S.C. §364.

G. **UNSCHEDULED CREDITORS FILING CLAIMS**  If a creditor's claim is not listed in the schedules, but the creditor nevertheless files a timely proof of claim, the Trustee is authorized to classify the claim into one of the classes under this Plan and to repay the claim within the class, unless the claim is disallowed.

H. **OMITTED CREDITORS**  If the Debtor omits a creditor from the schedules of their Chapter 13 case, the Debtor may amend his schedules to add the omitted creditor at any time prior to discharge as long as the Plan as confirmed and amended can be completed within the five (5) year statutory limit for the running of a Chapter 13.  The creditor who is added to the Chapter 13 will have 20 days after date of service of the opportunity to object to being added to the Plan.  If no objection is timely filed with the Court, the creditor will be deemed to have been added to the case and the Plan amended accordingly.  The added creditor will be able to share the dividends with its fellow class members.

I. **PLAN REFUNDS**  The Trustee may, in the exercise of her duties, assist the Debtor in the performance under the Plan, grant reasonable refunds to the Debtor from the funds paid to the Trustee but not distributed to the creditors, to meet emergency situations which may arise during the court of the Plan.  The Plan duration shall be extended to the extent necessary to repay all refunds granted.

II. **TREATMENT OF CLAIMS**

A. **ADMINISTRATIVE PRIORITY CLAIMS**  The Debtor shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 U.S.C. §507.

1. The Trustee shall be paid the percentage fee set forth from time to time by the U.S. Department of Justice, Executive Office of the U.S. Trustee.  Such fee shall be taken on all Plan receipts at the time funds are distributed by the Trustee to any party other than the Debtor.

2. The Counsel for the Debtor has received a retainer of $1,526.00 prior to the filing of the case.  The balance of attorney fees in the amount of $1,374.00, plus any additional attorney fees

as may be allowed, are to be paid as an administrative expense through the Plan. (This office also received from the Debtor(s) $274 for the filing fee, which sum was forwarded to the court.)

B. **OTHER PRIORITY CLAIMS**

1. **Other Priority Claims** within this class (allowed claims entitled to priority under §507) shall be paid in full, in deferred cash payments, subsequent to the payment of all secured claims. These claims consist of the following creditors:

NAME                                                            AMOUNT

2. **Pre-petition Claims of Friend of the Court**, alimony or other child support arrears shall be paid within the Plan by the Trustee. These claims consist of the following creditors:

NAME                                                            AMOUNT

None

3. **Other Priority Payments Provisions:**    None


C. **SECURED CREDITORS**

1. **Debtor's principal Residence – Mortgage**:

   a) Creditor, __LAKE MICHIGAN CREDIT UNION__ shall retain its lien on the real property. The creditor shall be paid its regular monthly payment estimated to be $__1,255.00__ in the following manner:

   ( X )   i.    Payments directly by the Debtor to the creditor because the Debtor is current on the payments.

   (   )   ii.   Payments through the Plan commencing with the first payment due on _____ or subsequent to the first date set for hearing on Plan Confirmation and (  ) prior to or (  ) pro-rata with monthly payments to other secured creditors, if

4

any.

iii.     Estimated arrearage is $_____. Any claim filed for an arrearage shall be paid over a reasonable period of time.

iv.     If the regular monthly payment is being made by the Trustee, upon notification by the mortgage holder or the land contract holder of any payment increase caused by a variable rate change or escrow modification, the Trustee is authorized to automatically increase the Plan payment by an amount sufficient to cover the increased mortgage/contract payment and the additional Trustee's fees thereon. The Trustee shall amend any wage order in place to include this increase, with notice to the employer, Debtor and counsel for the Debtor.

v.     The regular monthly payment (  ) does include an escrow for insurance and real property taxes; or (X) does not include an escrow for insurance and real property taxes.

b)     Creditor, __LAKE MICHIGAN CREDIT UNION__ shall retain its lien (second mortgage) on the real property. The creditor shall be paid its regular monthly payment estimated to be $ __550.00__, in the following manner:

(X)     i.     Payments directly by the Debtor to the creditor because the Debtor is current on the payments.

( )     ii.     Payments through the Plan commencing with the first payment due on _____ or subsequent to the first date set for hearing on Plan Confirmation and ( ) prior to or ( ) pro-rata with monthly payments to other secured creditors, if any.

iii.     Estimated arrearage is $_____. Any claim filed for an arrearage shall be paid over a reasonable period of time through pro-rata

distributions with the other secured claimants.

  iv. If the regular monthly payment is being made by the Trustee, upon notification by the mortgage holder or the land contract holder of any payment increase caused by a variable rate change or escrow modification, the Trustee is authorized to automatically increase the plan payment by an amount sufficient to cover the increased mortgage/contract payment and the additional Trustee's fees thereon. The Trustee shall amend any wage order in place to include this increase, with notice to the employer, Debtor, and counsel for the Debtor.

  v. The regular monthly payment (  ) does include an escrow for insurance and real property taxes; or (X) does not include an escrow for insurance and real property taxes.

c) Real Property Tax Escrow:

  ( ) i. The Trustee will escrow $ _____ per month for the payment of future property taxes on the Debtor's residence. The escrow funds will be disbursed upon the Trustee's receipt of a real estate tax bill. Any shortfall which may exist in the escrow account shall be cured from the income tax refunds turned over to the Chapter 13 Trustee each year. The current taxes will be paid to _____.

d) Lien Strip of Mortgage. The third mortgage is owed to Huntington National Bank. The third mortgage attaches to no equity at all and the lien of Huntington National Bank is to be "stripped off" from the homestead property through these Chapter 13 proceedings.

The value of the Debtors' homestead is $150,000, pursuant to an appraisal dated July 29, 2009. The first mortgage balance due to Lake Michigan Credit Union is $115,000.00, as of July 29, 2009 and the second mortgage balance due to Lake Michigan

09-11008

Credit Union is $44,500.00 as of July 29, 2009. Upon confirmation, the mortgage of Huntington National Bank will be deemed voided. The claim of Huntington National Bank is, therefore, to be treated as a fully unsecured claim in these Chapter 13 proceedings. The claim of Huntington National Bank will be paid at the general unsecured dividend rate. Upon completion of the Plan, the lien will be deemed discharged and the claim due Huntington National Bank will be deemed fully satisfied.

Upon entry of the Discharge in these Chapter 13 proceedings, a copy of this Plan may be recorded with the Allegan County Register of Deeds and such recording will have the effect of a discharge of this mortgage. The Chapter 13 Trustee will also have the ability to sign a discharge of this mortgage which will be lien stripped.

2. **Pre-Petition Real Estate Tax Claims** shall be paid pro-rata, subsequent to monthly payments on the Debtor's residence, but together with all remaining secured claims. This creditor shall retain its lien on the real property pursuant to applicable state statute. This creditor shall be entitled to receive its statutory interest and collection fees as set forth on its proof of claim. *The Schedules reflect the following property taxes as being owed:

   a) Dorr Twp Treasurer      Real property taxes 2009      $1,367.00
      4196 18th Street
      Dorr, MI  49323

3. **Other Real Property Creditors** (if any) shall be treated as follows:

   CREDITOR                                                 DELINQUENCY AMOUNT

4. **Personal Property:**

   a)   **Security to be Retained:** Each secured creditor listed in this class (and whose security is not being surrendered) shall retain its lien and shall be paid as a secured claim. Each secured creditor shall be paid pro-rata with other secured claims unless otherwise

09-11008

indicated below.

**b)** <u>11 U.S.C. § 1325(a)(5)</u>: The holder of such claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non bankruptcy law; or discharge under section 1328; and if the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non bankruptcy law; and the value as to the effective date of the Plan, or property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claim if payments, such payments shall be in equal monthly amounts; and the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the Plan.

**c)** <u>Interest Rate:</u> The interest rate on the secured portion of a secured claim shall be <u>5.0%</u> per annum or the contract rate, whichever is lower.

**d)** <u>910 Claims:</u>

Each secured creditor in this Class has a lien on a vehicle acquired for the personal use of the Debtor and the debt was incurred within 910 days; or as to other personal property acquired for personal use of the Debtor within 1 year prior to the filing of the Petition. Such a claim is not subject to cramdown and will be paid the full balance owing. However, the interest will be paid at the rate stated in subsection (c) above.

| Creditor | Security | Value | Amount Owed | Date of Loan | Ad Protec | Acct No. |
|---|---|---|---|---|---|---|
| Lake Michigan Credit Union<br>PO Box 2848<br>Grand Rapids, MI 49501 | 2001 Chrysler | $2,500 | $7,300 | 2/2008 | $200.00 | #860706 |

09-11008

d) **Non 910 Claims – Cram Down of Secured Claim:** Each secured creditor set forth below shall retain its lien and shall be paid in full the total amount owed the claimant to the value of the security. The balance of the claim, if any, shall be treated as an unsecured claim. The cram down of this debt is allowed, because these claims do not fit the definition of a 910 claim. Interest shall be allowed upon the secured portion of the claim at the rate stated in subsection (c) above.

| Creditor | Security | Value | Amount Owed | Date of Loan | Ad Protec | Acct No. |
|---|---|---|---|---|---|---|
| | | | | | | |

f) **Adequate Protection of Secured Claims:** All secured creditors are to receive the equal monthly payments as listed as adequate protection during the life of the plan, plus an additional pro-rata amount that may be available from funds on hand.

5. **Relief from Stay.** If a creditor obtains relief from the automatic stay at any time during this proceeding, the Trustee shall make no further payments to this creditor, as to the secured claim, after receipt of an Order For Relief From Stay.

6. **Security to be Surrendered.** The following security will be surrendered to the creditor and any deficiency shall be treated as a general unsecured claim:

| CREDITOR | SECURITY |
|---|---|
| Mazda Credit Corp | CSX 9 – SV Crossover (lease) |
| Lake Michigan Credit Union | 1970 Blazer |
| Citizens Community Federal | Triton Trailer |

D. **EXECUTORY CONTRACTS**

09-11008

1. **Land Contracts** – The Debtor will assume the following land contract(s) and the pre-petition defaults on assumed land contracts shall be treated as follows: NONE

| Creditor | Pre-Petition Arrears | Payments to Cure | Ongoing Payment |
|---|---|---|---|

2. **Other Executory Contracts** – The Debtor has the following executory contracts, which may include tenancy leases, vehicle leases, so called rent-to-own contracts and the like which shall be treated as follows: NONE

| CREDITOR | PROPERTY | ASSUME OR REJECT | PAYMENT AMOUNT | # OF MONTHS REMAINING | PAY INSIDE OR OUTSIDE |
|---|---|---|---|---|---|

E. **UNSECURED CREDITORS**

1. **General Unsecured Creditors:** Claims in this class are to be paid from funds available after the dividends to secured and priority creditors and monthly payments to creditors indicated in the classes above. The payment allowed to the general unsecured claimants will be satisfied by:

( )  a) Payment of a dividend of 100%.

( )  b) Payment of a pro-rata share of a fixed amount of $_____ set aside for creditors in this class.

(X)  c) Payment of a dividend of at least __10__ % or ACP the term of the Plan, whichever pays more.

( )  d) Payment a 100% plus post-petition interest (present value) of _____%.

( )  e) Payment of base amount to be paid after Secured and all Priority claims have been paid.

2. **Special Unsecured Creditors:** Claims in this class may include debts co-signed by an individual other than the Debtor, debts for non-sufficient funds (NSF) checks, for continuing

professional services or debts that may be non-dischargeable such as student loans or criminal fines:

| CREDITOR TO BE PAID | REASON FOR SPECIAL TREATMENT | INTEREST RATE |
|---|---|---|
| Nelnet<br>PO Box 2970<br>Omaha, NE 68103-2970 | Student Loans | |

( )  a) Claims of the above creditors will be paid and will be disbursed pro-rata with the unsecured creditors for the first thirty-six (36) months of the Plan and then paid in full over the remaining term of the Plan.

( X )  b) The special unsecured claim of __Nelnet__ shall be paid as follows:

As a general unsecured claim to receive the standard unsecured dividend with the debtor post discharge paying the balance owed directly to the student loan creditor.

III. **SPECIAL PROVISIONS**

A. **TAX RETURNS** All tax returns which have become due prior to the filing of this case have been filed, except as follows:

B. **DEBTOR ENGAGED IN BUSINESS**

( )  Debtor is self-employed and incurs some trade credit in the production of income.

1. 11 U.S.C. § 1304(b) and (c) regarding operation of the business and duties imposed on the Debtor are incorporated herein by reference.

2. The Debtor shall comply with the provisions of the Order Regarding Continued Business Operations entered by the Court, including but not limited to filing with the Trustee such business reports, income tax returns, and any other such documentation regarding the operation of the business as may be required by the Trustee on a monthly basis or otherwise.

09-11008

IV. **OTHER PLAN PROVISIONS NOT SEPARATELY SET FORTH ABOVE:**

A. **TRUSTEE'S AVOIDANCE POWERS.**

The Debtor acknowledges that both pre and post confirmation the Trustee has certain avoidance powers pursuant to §544, §545, §547, §548, §549, and §550. The Debtor acknowledges that any action(s) brought by the Trustee, either pre or post confirmation, pursuant to these avoidance powers is preserved for the benefit of the Estate pursuant to §551. The Trustee may bring any avoidance action within the period of time set forth in §546.

B. **MISCELLANEOUS PROVISIONS:**

Dated: 9-18-09

Sieghard G. Janz, Debtor

Dated: 9-18-09

Melissa L. Janz, Debtor

Dated: 9-18-09

Martin L. Rogalski, Attorney for Debtor